## STATE v. ROBERTS.

No. 5891.   Decided April 8, 1937.   (66 P. [2d] 892.)

*Joseph Chez*, Atty. Gen., *E. F. Richards*, of Salt Lake City, and *Dallas H. Young*, of Vernal, for the State.

*Christenson, Shaw & Christenson,* of Provo, for respondent.

MOFFAT, Justice.

This is not a criminal action. It is brought by the District Attorney of the Fourth judicial district of the state of Utah, in the name of the *State of Utah* v. *Max Roberts*, as defendant, under a statute relating to "unfair methods of competition." The purpose of the action is to permanently enjoin and restrain the defendant Max Roberts from advertising or labeling milk that he sells or distributes in the neighborhood of Provo, Utah, as special Grade "A" milk unless the milk so advertised, sold, and distributed shall be equal to or better than the standard and quality as specified by an ordinance of Provo City.

In argument counsel for appellant on behalf of the State contended that the action was brought under chapter 76 of the laws of Utah 1935, and particularly under section 2, and subdivisions (b) and (c) of section 8 of said chapter. No reference is made in the complaint to any state law.

The sections and parts of sections to which counsel for the State refers read as follows:

Section 2. "Unfair methods of competition are hereby declared unlawful, and the governor is empowered, through the medium of codes, and otherwise as herein provided, to prevent persons, partnerships or corporations from using unfair methods of competition."

And section 8, subd. (b). "Any code authority administering a state code or any person authorized by such code authority, any person whose interests may be affected, the attorney-general or any district attorney of this state may institute a suit to prevent and restrain any violation of this act. The district courts of this state shall have jurisdiction of such suits."

(c). "It shall be the duty of the several district attorneys of this state to enforce this act in their respective districts by proceedings as herein provided for. For such purpose any district attorney of this state may appear in any court of this state having jurisdiction within his district and conduct proceedings in the name of the state."

We think further reference need not be made to subdivisions (b) and (c) of section 8, except to say that district attorneys are authorized to institute suits to restrain and prevent violation of the act as is also any code authority administering a state code, or any person authorized by such code authority whose interests may be affected. The complaint does not allege that any code or codes have been adopted or that any application has been made to the Governor by any one for the approval of any code in pursuance of the act.

An ordinance of Provo City is referred to but nowhere is it said that any code has accepted the ordinance or that the ordinance relates to any code made in pursuance of the act. The complaint, it is argued, charges the marketing of milk by unfair methods of competition in that the defendant Max Roberts sells milk that does not meet the standard prescribed by an ordinance of Provo City. The claim of unfair methods of competition refers to the printing upon the caps of the bottles, to wit: "Roberts Dairy, Provo, Utah, Special Grade 'A' Raw Milk." It is alleged that such milk is not special milk, that it does not contain certain butter fat percentages referred to in the Provo City ordinance. The complaint charges that the milk sold by Max Roberts does not meet the Provo ordinance standards. This may be.

After filing the complaint an order to show cause was issued and served upon the defendant. For answer and re-

turn on the order to show cause defendant filed a general demurrer and a special demurrer. The general demurrer was sustained. The plaintiff elected to stand upon the complaint. An order dismissing the cause was entered and the State appeals and assigns error charging that the court erred in sustaining the general demurrer. No reference is made to the special demurrer.

The demurrer was properly sustained.

Appellant in oral argument conceded that chapter 76, Laws of Utah 1935, is unconstitutional except section 2, and subdivisions (b) and (c) of section 8 above referred to. Chapter 76, supra, is related to chapter 21 of the Second Special Session Laws of Utah 1933, but not in such way as to involve chapter 21 in this action. The chapters referred to relate to the emergency legislation known as the Utah State Industrial Recovery Act and Codes of Fair Competition. The only point raised on this appeal and contended for by counsel for appellant is that section 2, and subdivisions (b) and (c) of section 8, chapter 76, supra, are separable from that portion of the act relating to codes and can stand alone even though the act, in so far as it relates to codes, is unconstitutional. Counsel orally conceded the unconstitutionality of the act except as to the sections referred to, but in brief said "without waiving any rights as to whether or not the entire Act is unconstitutional." And further in brief said: "It is the contention of appellant that even though certain parts and portions of the Act should be declared unconstitutional" that the sections above referred to are separable. The separability of the sections referred to presents the only issue. It is apparent appellant does not contend that the whole of section 2 may stand. The construction contended for requires deletion from the section that part relating to the power given the governor through the medium of codes to prevent unfair methods of competition. "The unfair methods of competition" declared by the statute to be unlawful in the first part of the section are the same "unfair methods of competition" referred to in the

closing words of the section and which the Governor is empowered through the medium of codes to prevent. The effect of the statute was a grant of authority to the Governor upon application to him by industrial associations or groups, and after such hearing as the Governor may have deemed necessary, to approve codes of "fair competition" as submitted to him by associations or groups. It does not appear that any codes were submitted or approved. To say that such law is possessed of sufficient vitality to survive it is necessary to take out of the seventeen sections of the act the following words, and those only:

"Unfair methods of competition are hereby declared unlawful." Section 2.

"* * * the attorney-general or any district attorney of this state may institute a suit to prevent and restrain any violation of this act." Section 8, subd. (b), c. 76, supra.

The Legislature in passing chapter 76, supra, provided that if any provisions of the act, or the application of the act, were held invalid, that the remainder of the act should not be affected thereby. This declaration of separability raises the presumption that if the act is divisible the Legislature intended to pass the act notwithstanding the injection therein of provisions that might be found to be unconstitutional; but when there is so little left of the statute as is shown to exist in the instant case, and the little left relating to unlawful methods of competition is so tied into codes which have not been shown to exist and if they should exist are not tied into the complaint, the presumption of separability is overcome. The invalid portions are so interwoven that separation does violence and it becomes a certainty that the particular parts of the act claimed to survive would not have been passed without the other. The aim and purpose of the act vanishes. See *Williams* v. *Standard Oil Company*, 278 U. S. 235, 49 S. Ct. 115, 73 L. Ed. 287, 60 A. L. R. 596, and cases and note appended thereto. Chapter 76, Laws of Utah 1935, has been repealed by the 1937 session of the Legis-

lature and the matters herein considered are limited to the issues of the instant case.

We find no error. Judgment of the trial court is affirmed.

FOLLAND, C. J., and EPHRAIM HANSON, WOLFE, and LARSON, JJ., concur.